**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 03-cr-0174 |
| | ) | 02: 08-cv-0930 |
| DON RAOUL HOUGH | ) | |

**MEMORANDUM OPINION AND ORDER**

January 8, 2009

Presently before the Court for disposition is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY filed *pro se* by Petitioner Don Raoul Hough ("Hough") (*Document No. 141*), to which the government has responded in opposition (*Document No. 148*). For the reasons discussed below, the Court will deny the § 2255 motion without holding an evidentiary hearing.

The relief sought under 28 U.S.C. § 2255 is reserved for extraordinary circumstances. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993). Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Although § 2255 includes a provision for a prompt evidentiary hearing, a federal court may deny a § 2255 motion without holding an evidentiary hearing if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. §

2255 ; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir.2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir.2005); Rule 8(a), 28 U.S.C. foll. § 2255 .

## Procedural and Factual Background

The parties and the Court are familiar with the extensive background facts of Hough's criminal prosecution and, therefore, the Court will not detail the facts again. However, the following is a brief recitation of the procedural facts salient to the issues presently pending before the Court.

On June 16, 2003, a federal grand jury in the Western District of Pennsylvania returned two-count indictment in which Hough was charged in Count One with possession with intent to distribute crack cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii), and in Count Two with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

On January 21, 2004, the government filed an Information Charging Prior Offenses Pursuant to Title 21, United States Code, Section 851 (*Document No. 18)*, which specifically alleged that Defendant had a previous conviction for a felony drug offense, *to wit:*

> That Don Rauol Hough was convicted on or about July 21, 1998, in the Court of Common Pleas, Allegheny County, Commonwealth of Pennsylvania, at docket umber CC 9801324 (Delivery of Controlled Substances, and Criminal Conspiracy), and at docket number CC 9801330 (Possession with Intent to Deliver a Controlled Substance), and was thereafter sentenced on that same date to undergo imprisonment of not less than one (1) year nor more than two (2) years.

Information, Document No. 18.

On January 23, 2004, Hough, represented by Stanley Greenfield, Esquire, entered a plea of guilty to Count One of the Indictment and waived indictment and entered a plea of guilty to Counts One and Two of an Information filed at Criminal No. 04-07, which charged him in Count One with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, section 922(g), and in Count Two with possession of a destructive device, in violation of Title 18, United States Code, Section 5861(d). A sentencing hearing was scheduled for April 23, 2004.

On March 18, 2004, Defendant wrote the Court a letter in which he informed the Court that he would like to withdraw his plea, that he had asked his counsel, Stanley Greenfield, Esquire, to withdraw his representation, and requested the Court to appoint the Office of the Federal Public Defender to represent him. On March 18, 2004, the Court granted Defendant's request for new counsel and appointed Thomas Livingston, Assistant Federal Public Defender, to represent the Defendant.

On June 3, 2004, through counsel, Hough moved to withdraw his guilty plea. On July 22, 2004, the Court conducted a hearing/argument on the Motion to Withdraw. Hough testified on his own behalf. He admitted that the firearms and drugs were his, and that he had traded the pipe bomb for drugs. By Memorandum Opinion and Order filed November 14, 2004, the Court granted Hough's Motion to Withdraw his guilty plea.

On December 22, 2004, the Grand Jury issued a five-count Superseding Indictment in which Hough was charged with one count of possession with intent to distribute crack cocaine in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(A)(iii) (Count One); one count of possession with intent to distribute 500 grams or more of cocaine in

violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(B)(ii) (Count Two); one count of possession of a firearm during a drug trafficking crime in violation of Title 18, United States Code, sections 924(c)(1)(A) & 924(c)(1)(B)(ii) (Count Three); one count of possession of a firearm by a convicted felon in violation of Title 18 United States Code, section 922(g) (Count Four); and one count of possession of an unregistered destructive device in violation of Title 26, United States Code, section 5861(d) (Count Five). On January 6, 2005, Hough was arraigned on the charges in the Superseding Indictment and he pled not guilty to each charge.

On March 3, 2005, after a four-day trial, a federal jury convicted Hough of all five counts contained in the Superseding Indictment. A sentencing hearing was conducted on July 13, 2005, at which Hough was sentenced to a total of 600 months imprisonment. Specifically, Hough received a 240-month term of imprisonment at Counts 1, 2, and 4, and a 120-month term of imprisonment at Count 5, all to run concurrently. Further, Hough was sentenced to a 360-month term of imprisonment at Count Three, to run consecutively to the other sentences. Upon release from imprisonment, Hough will be subject to a ten-year term of supervised release.

On July 18, 2005, Hough filed a timely notice of appeal. Hough's attorney, Arnold I. Klein, filed an *Anders* brief, in which he averred that he had reviewed the record and found no meritorious issues for appeal. Arnold I. Klein, Esquire, also filed a motion to withdraw as counsel. Hough, in response, filed a pro se Response, in which he identified multiple challenges to his conviction and sentence.

On April 17, 2007, the United States Court of Appeals for the Third Circuit affirmed Hough's conviction and sentence. On July 2, 2007, Hough's petition for rehearing was denied. On July 3, 2008, Hough filed the instant motion in which he raises eight (8) claims of ineffective assistance of counsel against his various trial and appellate attorneys.

It cannot go without notice that throughout the course of his criminal proceedings Hough was represented by multiple attorneys, *to wit:* Assistant Federal Public Defender Crystina Kowalczyk; Stanley Greenfield, Esquire; Assistant Federal Public Defendant Thomas Livingston; Stephen Greenberg, Esquire; and Arnold I Klein, Esquire. At various times, Hough complained about the performance of most, if not all, of these attorneys. Each of Hough's attorneys either moved this Court or the Court of Appeals to allow him or her to withdraw as counsel of record for Hough.

**Evidentiary Hearing**

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court must first determine whether an evidentiary hearing is required in this case. After reviewing the filings in this case, and the record, the Court finds that an evidentiary hearing is not required because Hough has failed to raise any genuine issue of material fact. *See United States v. Essig*, 10 F.3d 968, 976 (3d Cir. 1993). Additionally, the files and records of the case conclusively establish that Hough is not entitled to relief. *United States v. Booth*, 432 F.3d 542, 545-46 (3d

Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005). Therefore, the Court will proceed to the merits of the § 2255 motion.[1]

### Standard of Review

All of Petitioner's claims assert the ineffectiveness of his counsel. The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel and exists "in order to protect the fundamental right to a fair trial." *Lockhart v. Fretwall*, 506 U.S. 364, 368 (1993) (*quoting Strickland v. Washington*, 466 U.S. 668, 684 (1984)).

The United States Supreme Court has formulated a two-part test for determining whether counsel rendered constitutionally ineffective assistance: (i) whether counsel's performance was unreasonable; and (ii) whether counsel's unreasonable performance actually prejudiced the defense. *Strickland,* 466 U.S. at 687. To determine whether counsel performed below the level expected from a reasonably competent attorney, it is necessary to judge counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. *Id.* at 690. A petitioner who claims that he or she was denied effective assistance of counsel carries the burden of proof. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The first prong of the *Strickland* test requires that a defendant establish that his attorney's representation fell below an objective standard of reasonableness by committing errors so serious that he or she was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that

---

[1] "When a motion is made under § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the totality of the circumstances, the challenged action "might be considered sound trial strategy." *Id*. at 689. The question is not whether the defense was free from errors of judgment, but whether counsel exercised the customary skill and knowledge that normally prevailed at the time and place. *Id.*

The second prong requires a defendant to demonstrate that counsel's errors deprived him of a fair trial and the result was unfair or reliable. *Id*. To prove prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. *Id.*

The Court of Appeals for the Third Circuit has endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance prong "because this course of action is less burdensome to defense counsel." *United States v. McCoy*, 410 F.3d 124, 132 n.6 (3d Cir. 2005); *see Strickland*, 466 U.S. at 694 (stating that, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so," the prejudice prong should be examined before the performance prong "to ensure that ineffectiveness claims do not become so burdensome to defense counsel that the entire criminal justice system suffers as a result").

Furthermore, the United States Supreme Court has determined that under the *Strickland* test, a reviewing court must "assess counsel's overall performance throughout the case to determine whether the 'identified acts or omissions' overcome the presumption that

counsel rendered reasonable professional performance." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

## Discussion

As stated *supra,* all of Hough's claims alleged in the instant motion involve the alleged ineffectiveness of his counsel. During the sentencing hearing, this Court commented on the performance on Stephen Greenberg, Hough's trial counsel, and directly addressed criticisms by Hough:

> I will also make one other observation. And, that is, that you may have your view of how Mr. Greenberg represented you in that trial, but it is the Court's view that he did a very stellar, stand-up job of representing you in that trial under difficult circumstances with the evidence that the government had and presented and which the jury found to be credible and believable. But I understand. I understand that you may have dissatisfaction with Mr. Greenberg, but the Court's observation is that he, he did a competent job in representing you.

Sentencing Transcript, Document No. 124 at 30-31.

As the Court has stated on previous occasions, the evidence of the defendant's guilt in this case was overwhelming. Hough filed several pro se post-trial motions for acquittal, for a new trial, and to arrest the judgment. In its post-trial Memorandum Opinion which denied Hough's motion for acquittal, the Court opined as follows:

> In this case, the evidence presented a clear situation in which the Defendant would be guilty beyond a reasonable doubt <u>if</u> the jury concluded that Defendant possessed the illegal drugs and firearms found in the apartment at 201 W. 13th Street in Homestead, Pennsylvania. The physical evidence at trial consisted primarily of illegal drugs, drug paraphernalia, four firearms (including a destructive device, i.e., a pipe bomb), and personal effects, clothing, photographs, letters, and indicia of Defendant's presence and residence in the apartment at 201 W. 13th Street in Homestead, Pennsylvania. The testimony adduced during the trial established that Defendant was found in the apartment in Homestead at the time of his arrest in possession of drugs and firearms. On his person,

> Defendant had a key to the apartment, more than $700.00 in cash, and a small quantity of cocaine. The testimony also established that Defendant's minor child was also present in the apartment at the time of his arrest.
>
> The parties stipulated to the existence of a prior felony conviction of Defendant, the quantity and composition of the powder and crack cocaine, the absence of a registration for the pipe bomb, and the interstate nexus which related to the firearms.
>
> Even if the Court were to view this evidence most charitably in favor of the Defendant, in light of the overwhelming evidence against him, the Court finds and rules that any rational trier of fact could reasonably have found that Defendant possessed the subject illegal drugs and firearms, and did so in furtherance of drug trafficking. Thus, any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt.

Memorandum Opinion, Document No. 108.

While the Court is of the opinion that the § 2255 could be disposed of on the strength of the evidence adduced at trial alone, in an abundance of caution, the Court will address seriatim each of Hough's specific claims of ineffective assistance of counsel.

### 1. "Counsel failed to appraise the petitioner of sentencing guidelines, offenses in counts 1-5, min - max sentences, enhanced penalties, career offender, armed career criminal, 924(c), the differences of sentence calculation with taking a plea as opposed to trial, or a defense strategy, etc."

The only evidence in support of Hough's allegation is his own self-serving statements. The evidence of record clearly contradicts Hough's position. The record reflects that Hough was clearly appraised of the maximum penalties of the offenses on several occasions. First, he was arraigned on the initial indictment before Magistrate Judge Amy R. Hay on July 15, 2003. The maximum penalties were presented to Hough in open court. On January 23, 2004, Hough entered a guilty plea before this Court. At that time, this Court

9

informed Hough of the maximum penalties under the law and the government explained Hough's possible exposure under the Sentencing Guidelines, including the result of being deemed a career offender. Hough indicated that he understood all of these possibilities. After he withdrew his guilty plea, and a superseding indictment was filed, Hough was arraigned on January 6, 2004, before Magistrate Judge Robert C. Mitchell. Again, the maximum penalties were presented to the defendant in open court.

Hough's own pleadings reflect a comprehension of the statutory penalties and sentencing enhancements. For example, his detailed objections to the Presentence Investigation Report evidence a knowledge and appreciation of the applicable sentencing provisions. *See* Document Nos. 88, 100, and 105. Defendant expressly challenged, in his *pro se* pleadings, the imposition of the sentencing enhancement that appeared in 21 U.S.C. § 851.

Further at the sentencing hearing, counsel for Hough, Arnold I. Klein, stated that he had reviewed the Court's Tentative Findings and Rulings with Hough and that "I think Mr. Hough realizes the potential sentence that his looking at." Sentencing Transcript, Document No. 124 at 19. Hough responded, "I mean, he (Klein) hasn't really done, he really hasn't done anything." *Id*. at 21.

The Court finds that the first argument of Hough is without merit and will be denied.

2. **"Counsel failed to conduct any investigation of the case, interview any witnesses, present any readily available evidence that contradicted the police's version of events that was made known to him."**

Hough's claims are, again, clearly belied by the record. The suppression hearing and trial transcripts establish that Attorney Greenberg did conduct an investigation. At the

suppression hearing, defense counsel called two (2) witnesses to aid in the establishment of standing, and one (1) additional witness, to raise questions about the propriety of an arrest warrant for a violation of probation and to raise a question about Hough's actual residence or address. During the suppression hearing, the testimony of defense witnesses Candace Milton and Felicia Serrano actually strengthened the case against Hough by placing him in the apartment located in Homestead, Pennsylvania, for an extended period of time prior to the seizure of the drugs and weapon. Given the testimony of these witnesses at the suppression hearing, defense counsel can hardly be criticized for not calling them at trial. In fact, it appears to the Court that defense counsel exercised sound trial strategy in not calling these two witnesses during the trial.

Moreover, during trial, defense counsel extensively cross-examined many of the government's witnesses, attempted to contradict law enforcement's version of events, and was clearly knowledgeable about the evidence and testimony of the case.

The Court finds that the second argument of Hough is without merit and will be denied.

> **3. "Counsel provided the petitioner with false, misleading information that he had retained a private investigator to confirm the alleged informants did not exist. A handwriting expert who's (sic) opinion was that the search warrant was not signed by Magistrate Thomas Torkowski. Petitioner relied on grossly erroneous advice by counsel that undermined his ability to make an intelligent decision in proceeding to trial or seeking a plea."**

The Court finds and rules that this claim is completely unsupported and can be denied without discussion. Hough has offered no evidence to substantiate his claim that the

informants did not exist or that the Magistrate's signature was forged on the search warrant. Defense counsel is not ineffective for failing to bring frivolous claims. *United States v. Benish*, 5 F.3d 20, 25 (3d Cir. 1993). Accordingly, the Court finds that the third argument of Hough is without merit and will be denied.

> **4. "Petitioner wrote several letters to the court stating his dissatisfaction with counsel. Court abused its discretion when it failed to conduct any inquiry into the break down of the attorney client relationship when a serious conflict of interest existed. Which resulted in a total lack of communication in presenting an adequate defense."**

This claim is unsupported by the record and re-states a claim raised by defendant in his Motion to Disqualify Stephen Greenberg and Notice of Representation Pro Se, and in his direct appeal. (Document No. 84). Without offering any supporting evidence or documentation, Hough alleges that Attorney Greenberg had a conflict of interest because he was retained by the owner of the apartment building, who Hough does not name or describe. Hough cites no source for his information. Hough complains that he wanted his attorney to argue that he was not in control of the apartment at trial, but that his counsel did not do so because of this alleged conflict.

In order to establish that an actual conflict existed the petitioner must show two elements: (i) that some plausible alternative defense strategy or tactic might have been pursued and (ii) he must establish that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests. *United States v. Gambino,* 864 F.2d 1064 (3d Cir. 1988).

The Court finds that Hough can not meet his burden with respect to either element. Trial transcripts show that, in his cross-examination of Detective Naylor, Attorney Greenberg clearly attempted to show that Hough had a lack of control over the apartment. Accordingly, the record reflects that Hough's attorney pursued the very line of defense that Hough now claims that he attorney did not pursue.

As to Hough's contention that the Court failed to conduct any type of inquiry into the breakdown of the attorney client relationship, this claim can be rejected rather summarily. This Court indulged Hough's various complaints regarding counsel multiple times by granting leave for five (5) separate attorneys to come into the case. Previously Hough attempted to argue that the conflict of interest entitled him to a new trial. The Court denied Hough's motion and expressly found that the interests of justice did not militate in favor of a new trial. *See* Document No. 108.[2]

Accordingly, the Court finds that the fourth argument of Hough is without merit and will be denied.

5. **"Petitioner was abandoned by trial counsel and forced to file numerous motions pro se. The court allowed the petitioner to proceed pro se without conducting any intelligent, knowing, unequivocal waiver of counsel. This denial of counsel affected the petitioner's conviction, sentence, and appeal. When serious issues existed that should have been raised by an experienced attorney. Appointment of counsel at sentencing failed to correct this error. He failed to adopt any of the petitioner's motions or file his own and raise any relevant issues on the petitioner's behalf and only filed the Ander's Brief to clear himself and sabotage the**

---

[2] The Court also notes that Hough raised the conflict issue in his direct pro se appeal response, which was rejected by the Court of Appeals for the Third Circuit.

> **petitioner's appeal. Ineffective assistance of counsel is the equivalent of no counsel at all."**

Initially, the Court notes that Hough's claim that he was "forced" to file numerous motions pro se is not accurate. Throughout the proceedings in this Court, Hough continued to file pro se motions, despite being represented by counsel, and despite direct admonitions from the Court to discontinue doing so. For example, on February 14, 2005, prior to the commencement of the suppression hearing, this Court stated in open court:

> Before we proceed, I will advise Mr. Hough, and his attorney, to please prevail upon your client, Mr. Greenberg, to have Mr. Hough stop writing to me directly. He did it again and it arrived today. And we send his letters back and tell him not to write the Court. He is represented. He's to appear and present his matters through counsel, and he continues to send letters to me, time and time again. Do you understand, Mr. Hough, that you are not to communicate with me without coming through your attorney?

Defendant responded, "Yes Sir, Yes, Your Honor. Apologize. Excuse Me." See Transcript, Document No. 135 at 5.

Hough now appears to be arguing that the Court erred by allowing him to proceed pro se without conducing a waiver of counsel hearing and then the Court reversed its decision and appointed new counsel. The time period during which Hough was permitted to proceed pro se was a very brief time, and occurred after the jury convicted Hough on each of the counts in the superseding indictment, and prior to sentencing.

After trial, Hough became dissatisfied with his trial counsel, Stephen Greenberg, and filed a Motion on March 28, 2005, to "disqualify" Attorney Greenberg, allow Hough to appear pro se and/or appoint "conflict free counsel" forthwith. *See* Motion by Don Rauol Hough to Disqualify Stephen Greenberg and Notice of Representation Pro Se, or, in the alternative, for

Appointment of Counsel, Document No. 84. At this stage of the proceedings, Hough had had no less than four (4) previous attorneys.

On April 13, 2005, the Court ordered that the appearance of Attorney Stephen Greenberg on behalf of Hough be withdrawn and that Hough may proceed to represent himself *pro se* in this matter.

On April 21, 2005, the Court upon sua sponte reconsideration determined that Hough had not "clearly and unequivocally" asserted his desire to proceed *pro se* because he had also requested an appointment of counsel and that the Court had not advised Hough in unequivocal terms both of the technical problems he may encounter in acting as his own attorney and of the risks he takes if his defense efforts are unsuccessful. *See U.S. v. Stubbs,* 281 F.3d 109 (3d Cir. 2002). Therefore, the Court appointed Attorney Arnold I. Klein, to represent Hough in the matter, thereby effectively vacating its prior Order of April 13, 2005, in which the Court allowed Hough to proceed to represent himself *pro se* in this matter. No substantive activity occurred during the few days that Hough was allowed to proceed pro se.

It appears that Hough now claims the he suffered a Sixth Amendment violation because he was <u>not</u> permitted to proceed pro se. Courts must indulge every reasonable presumption against a waiver of counsel. *Buhl v. Cooksey*, 233 F.3d 783, 790 (3d Cir. 2000). In order to overcome the presumption, a defendant must clearly and unequivocally ask to proceed pro se. *Id*. at 792.

A review of Hough's motion clearly reflects this his request to proceed pro se was ambiguous and therefore insufficient to amount to a clear and unequivocal request to proceed pro se. While Hough expressed dissatisfaction with his counsel, he also requested to proceed

15

pro se, while at the same time seeking for the appointment of a "conflict free counsel." Indeed, "conflict free counsel" was appointed. Moreover, the Court notes that Hough raised this exact issue on direct appeal and same was found to be without merit by the Court of Appeals.

Hough also complains that his counsel at sentencing, Arnold I. Klein, failed to adopt his motions. However, as stated *supra,* counsel is not ineffective for failing to bring frivolous claims. *United States v. Benish*, 5 F.3d 20, 25 (3d Cir. 1993).

For all these reasons, the Court finds that the fifth argument of Hough is without merit and will be denied.

> **6.** **"Counsel failed to present readily available evidence that the pipe bomb on Count 3 possession, presence was merely accidental, coincidental and was not in relation to or in furtherance of the drug offense's (sic) in counts 1-2 when the government failed to present any witnesses or evidence to prove beyond any reasonable doubt that it was."**

This claim can be dismissed rather summarily because the record again completely belies Hough's allegation. The record reflects that Attorney Greenberg advanced vigorous cross-examination and argued strenuously that there was not sufficient evidence to establish that the pipe bomb was possessed in furtherance of a drug trafficking offense. The jury, after seeing the evidence and hearing the testimony and arguments of counsel, convicted Hough and issued a special verdict with respect to the possession of the destructive device, *to wit*:

> 3(b). Having found defendant guilty of Count Three of the Superseding Indictment, we specifically and unanimously find that the following firearms were possessed by the defendant in furtherance of a drug trafficking offense, as charged in Count One and/or Count Two:
>
> Iver Johnson shotgun    **YES**

|                       |        |
|-----------------------|--------|
| Norinco SKS rifle     | **YES** |
| Smith and Wesson pistol | **YES** |
| Pipe Bomb             | **YES** |

*See* Document No. 76 - Jury Verdict.

Accordingly, the Court finds that the sixth argument of Hough is without merit and will be denied.

**7.  Counsel failed to object to evidence seized outside the scope of the warrant to be admitted to trial.  Petitioner addressed the court at the beginning of the trial stating he would like for counsel to object to the illegally seized evidence, the court stated that it would be dealt with when the appropriate time arrives, after trial's guilty verdict counsel stated that jurors told him they believed petitioner was guilty based on clothing, papers, letters, photos, etc., that was admitted at trial which were illegally seized.**

This claim also can be rather summarily dismissed as the record contradicts Hough's claim.  First, defense counsel filed and argued suppression motions that were fully litigated at a hearing.[3]  Second, Hough's claim that the seized objects were outside the scope of the warrant is completely without merit.  The search warrant specifically authorized the seizure of "[a]ny papers or documents to establish residency / ownership / occupancy.  Any and all monies suspected of being from Drug Sales.  Any keys which may assist in locating any of the above."  See Document No. 58, Exhibit 2.

Indicia of residency was central to the government's case and was included in the search warrant.  During trial, defense counsel elicited testimony from Detective Naylor that the letters seized from the Homestead apartment all were addressed to Hough at a different address,

---

[3]  The Court notes that Hough specifically raised the denial of his motion to suppress in his direct appeal, which the Court of Appeals found to be without merit.

17

namely, 1021 Kirkpatrick in North Braddock. *See* Trial Transcript, Document No. 136 at 67-68. Attorney Greenberg also questioned Detective Naylor as to whether the sizes of the clothing seized at the Homestead apartment indicated that the items seized really belonged to Hough. *See* Trial Transcript, Document No. 136.

Accordingly, the Court finds that the seventh argument of Hough is without merit and will be denied.

### 8. "Counsel was retained to represent petitioner by an unindicted co-defendant which divided counsel's loyalties while representing the petitioner and adversely affected counsel's performance."

Basically, this claim is a restatement of Hough's fourth claim for ineffectiveness of counsel, which has been discussed and rejected by the Court. As with his fourth claim, Hough alleges that Attorney Greenberg had a conflict of interest because he was allegedly retained by the owner of the apartment building, whom Hough does not name or describe. Notably, Hough cites no source for his information.

Even if presumed to be true, the mere payment of fees by a third party does not, without more, prove a conflict. Hough would need to establish that some plausible alternative defense strategy or tactic might have been pursued, but for the alleged conflict. Additionally, Hough would also need to establish that the alternative defense was inherently in conflict with or not undertaken due to the attorneys' other loyalties of interest. Hough has not met his burden on either element.

Moreover, the record demonstrates that Attorney Greenberg did seek to show through cross examination and argument that other individuals, who were not investigated by

18

police, could have been responsible for the drugs and firearms seized at the apartment located at 201 W. 13th Street, Homestead, Pennsylvania. The jury was not convicted.

Therefore, the Court finds that the eighth argument of Hough is without merit and will be denied.

## Conclusion

For the reasons stated, the Court will dismiss Petitioner's motion without an evidentiary hearing. His unsupported allegations of ineffectiveness, without more, do not satisfy the standards set out in *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

Additionally, the Court will not issue a Certificate of Appealability because the motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R.App. P. 22.

An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 02: 03-cr-0174 |
| | ) | 02: 08-cv-0930 |
| DON RAOUL HOUGH | ) | |

## ORDER OF COURT

AND NOW, this 8th day of January, 2009, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed *pro se* by Petitioner Don Raoul Hough is **DISMISSED** and the relief requested therein is **DENIED**; and

2. A certificate of appealability is not granted because Petitioner, Don Raoul Hough, has not made a substantial showing of the denial of a Constitutional right.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Don Raoul Hough
07839-068
P.O. Box 305
Jonesville, VA 24263

Soo C. Song,
Assistant U.S. Attorney
Email: soo.song@usdoj.gov