IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

OCT 30 2020

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA )
v. ) MRH-2:03-cr-0174
DON HOUGH, Petitioner, Pro se ) 19-cv-244
)
)

**MOTION TO DISQUALIFY JAMES J. BRINK AS LEAD COUNSEL OF RECORD in re: U.S.A v. HOUGH, 03-cr-174 and 19-cv-244, 28 U.S.C. 2255 MOTION TO VACATE, AND TO APPOINT NEW COUNSEL, IN THE INTERIM TO ALLOW HOUGH TO PROCEED PRO SE, AND MOTION TO EXTEND COURT'S ORDER on Oct. 1, 2020 and ADD ADDITIONAL "LIVE MOTION'S TO RECORD**

And Now comes, Don Hough c/o DON HOUGH, as Petitioner, pro se, "Person" in the above captioned matter stating as follows:

Mr. Hough is the ONLY AGGRIEVED Party to this matter before the Court. MR. Hornak, at the above case numbers, MR. Hornak issued an ORDER as to DON RAOUL HOUGH on Oct./01/2020, at Doc no. 246, Stating, within fourteen (14) days of the date of this Order, Counsel for the Defendant is directed to file a notice confirming which pending motion's should be treated as operative by the Court, etc.

Please see the documents from Mr. Brink attached as EXHIBITS A-E, 1-copy of envelope dated 14. Oct. 2020 PM 8 L at the post mark from PITTSBURGH PA 150, one - NOTICE- from MR. Brink in response to Court Order on Oct. 1, 2020 (ECF Doc. No. 246), One letter from MR. Brink, dated oct. 14, 2020 to: "Dear Don", Don Hough, One notice of Electronic Filing Doc. no. 247, and one ORDER from the Court MR. Hornak, with black ink writing "Live Motion's" ECF. 193, ECF 244 - pro se.

MR. Hough received the above documents at EXHIBITS A-E, on friday, Oct. 16. 2020 from the Mail Room at F.C.I. McDowell at about 10:30 A.M. At NO TIME before Hough recieving these documents did MR. Brink notify Hough as to the Courts Order. Due in fact that MR. Brink does not answer his phone or communicate to Hough through e-mail. MR. Brink intentionally delayed notice to Hough of the Court's Order by letting the fourteen day deadline expire before Hough even knew the Order existed. Hough was NEVER NOTIFIED of the Order until well after the fourteen day deadline.

MR. Brink action's and failure to timely notify Hough of the Court's Order is a complete violation of the "CJA" and Criminal Justice Act and client attorney privilege, canon's, ethic's, codes, rule's of the American Bar Association as to representing client's. As well as MR. Brink's failure to properly communicate to Hough, consult Hough as to the proceeding's of the case in a timely manner.

As previously stated in the "LETTER TO JAMES J. BRINK" filed on the docket from Hough, there's a very serious break down in communication between MR. Brink and Hough, the delay in the Court's Order further proves a breakdown of communication exist which has caused IRREPARABLE HARM of the client and attorney relationship. This matter has very serious consequences for Hough as he is the only AGGRIEVED party being held in custody at F.C.I. McDowell in violation of U.S. Constitutional Law and Due Process of Law as this matter before the Court should have previously been adjudicated on the merit's at the RE-SENTENCING on March 28, 2018. The failure of the issue to be brought before the Court previously is due in part to client and attorney breakdown of communication, by previous Counsel.

<u>Lack of notice of Order Fed. R. Civ. Proc. 77(d)</u>

Due to MR. Brink complete failure to timely NOTIFY Hough of the Court's Order before the fourteen (14) day deadline, <u>Hill v Hawes</u> 320 U.S. 520 (1944) Hough seek's permission to add additional pending "live motion's" as operative to the docket for the Court's consideration as to ruling on the merits of the claim's as to the matter before the Court concerning Count 3 Conviction and sentence of the Superseding Indictment in which the jury only convicted Hough of 18.U.S.C. 924(c)(i)(A) Possession of a firearm in furtherance of a drug trafficking crime, in which the proper penalty is no less than five years to life but Hough was RE-SENTENCED BY this Court on March 28, 2018 to no less then thirty years.

In the present matter before the Court as well as Hough's previous challenges Hough ONLY seek's to Vacate and Correct the sentence at Count 3. <u>NOT THE CONVICTION</u>.

Due to MR. Brink lack of familiarity of the motion's filed on the docket in re of 19-cv-244 in his notice to the Court @ Doc no. 247, MR. Brink list only two motion's which are Doc. NO. 193 and Doc. NO. 244. Please let the record reflect that the motion filed at Doc. NO. 193 was the first motion that was filed by the Clerk of Court's but it's not a pending motion of claim as to ANY EVIDENTIARY VALUE concerning the issue Hough bring's at Count 3 of the Superseding Indictment.

Doc NO. 193 is a motion under Fed. R. Civ. Proc. 15 to add additional claims, facts, clarify, amend, amplify claims within the one year statute of limitations etc. Attached as EXHIBIT __F__, The Court has already <u>GRANTED MOTION</u>

The Motion filed at Doc. no. 193 does not present any legal challenges for the Court to rule on in regards to Hough's issue at Count 3, in regards to the THIRTY YEAR MANDATORY MINIMUM SENTENCE.

If the Court enforces its order of Oct. 1, 2020 without allowing Hough to further add the necessary additional motion's the Court would in effect deny Hough's right to ACCESS THE COURTS and for the Court to rule on and reach adjudicate the merits of Hough's claim's in the additional motion's that present Hough's claims to the Court which are claims of merit and the motions are properly filed.

The motion's that Hough seek's to add to the Courts Order as "live motions" operative pending before the court are as follows:

Doc NO. 196 which is the Motion to Vacate 28.U.S.C. 2255 original forms which present Ground I (one) filed on 3/11/19 pro se by Hough.

Doc NO. 201, which is the Motion to Vacate 28.U.S.C. 2255, MEMORANDUM OF LAW AND FACT IN SUPPORT AND FOR IMMEDIATE RELEASE, filed on 3/26/19 pro se by Hough with EXHIBITS, A-G.

Doc NO. 241 Amended Motion to Vacate Sentence under 28.U.S.C. 2255 filed on 9/25/20 by MR. Brink, drafted by MR. SAM SAYLOR AFPD.

Amended motion at Doc NO. 241

Doc. NO. ___, the motion to Support, Affidavit and letter's filed by Hough under 28.U.S.C. 2255 MOTION TO VACATE this motion was most recently filed by Hough after Doc. NO. 241 but Hough was not notified as to the Doc NO. for this motion but the parties are well aware of the motion to SUPPORT AMENDED MOTION Affidavit and letter's in which Hough is refering to. In a matter of CAUTION If the Parties are not sure of the motion referenced here Hough will clarify at the Court's request. Once Hough is aware of the correct Doc NO. Upon receipt of an Updated docket sheet.

Hough is not aware of the Doc. No. for the Motion to Support the Amended Motion, Affidavit and letter's mostly due to the fact that Mr. Brink does not keep Hough timely updated or notified at all as to the docket entries of the present case.

Hough request that Mr. Brink file a MOTION TO WITHDRAW of course with the Courts permission IMMEDIATELY as COUNSEL in the present case and the Court allow Hough to proceed PRO SE in the Interium, until If a Evidentiary Hearing is Granted in which under Rule 8 of Fed. R. Civ. Proc. counsel is appointed or for if a sentencing hearing is held in the present case, or NEW APPOINTMENT of Counsel is required to reach a resolution to avoid further litigation. Or the case is to be appealed to the THIRD CIRCUIT COURT OF APPEALS for any matter.

Hough request for MR. Brink to withdraw is due to the Attorney client relationship being Irraparably harmed a breakdown in communication MR. Brink's intent to undermine Hough's involvement and decision making process of this case his failure to consult and notify Hough in a timely manner of the Court's order MR. Brink's action's of failure to consult Hough of the "live motions" operative before the Court and the Court's INTENT to Dismiss without prejudice Hough's properly filed motion's and claims of merit that present Hough's claim's to the Court would in effect be a DENIAL OF HOUGH'S RIGHT TO ACCESS TO THE COURT TO CHALLENGE THE CONSTITUTIONALITY OF HOUGH'S PRESENT UNCONSTITUTIONAL THIRTY YEAR SENTENCE AT COUNT 3.

Hough's claim can be shown to be more then just HOPE but of MERIT BASED UPON THE AMENDED MOTION, RESEARCH, INVESTIGATION AND TIME INVESTED BY MR. SAM SAYLOR, COMPLEXITY OF THE ISSUE, THE CONSTITUTIONAL LAW AND SUPREME COURT PRECEDENT'S O'BRIEN AND ALLEYNE and NUMEROUS THIRD CIRCUIT PRECEDENT CASE'S WHICH ALSO SUPPORT HOUGH'S ISSUE'S.

Also a letter dated from MR. Brink 9/25/20 in which MR. Brink states in the first pargaraph "ALL in all, I think that the relevant issues were clearly briefed and, in my opinion. I think that the pleading is very good and may have some merit.

### DENIAL OF ACCESS TO THE COURTS

The Court's failure to Add additional "live motions" as operative and pending and to DISMISS ANY Properly filed motion's by Hough would be a clear violation of the Court's Mr. Hornak Judicial Oath and Code of Conduct for United States Judges and an Abuse of Discretion for failure to reach the merits of the claims and properly rule as to the law, finding's of facts as to each claim of merit presented to the Court by the parties.

The Canon's are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances. The Code is to be construed so it does not impunge on the essential indenpendence of rules in making judicial decision's.

In Bounds v Smith 430 U.S. 817 (1977) the Sup. Ct. recognized a prisoner's right's to Access to the Court's. In Lewis V Casey, 518 U.S. 343 (1996) the Court explained that it's holding in Bounds provided that an inmates right of Access to Courts can be fulfilled in different way's.

The <u>Lewis</u> court made clear that <u>Bounds</u> did not create an abstract, free standing right to a law library or legal assistance Id. at 351. In other words, law libraries and legal assistance programs are not ends in themselves, "but only the means for ensuring a reasonably adequate opportunity to present claimed violations of <u>fundamental constitutional</u> rights to the Courts." <u>Id.</u> (quoting <u>Bounds</u> 430 U.S. at 825).

<u>Cunningham v Dist. Attorney's office for Escambia Cnty</u> 592 F3d 1237 (11th cir 2010) "The injury requirement means that the plaintiff must have underlying cause of action the vindication of which is prevented by the denial of access to the Courts") The inmate must further show that the underlying claim that he was advancing was a nonfrivolous claim <u>Lewis</u> 518 U.S. at 353 And, this underlying claim "must be described well enough to apply the "non-frivolous" test and to show that the "arguable" nature of the underlying claim is more then hope.

<u>Christopher v Harbury</u> 536 U.S. 403 (2002) An inmate is not guaranteed the ability to litigate any type of action, but he is provided the tools needed to bring a nonfrivolous action directly or collaterally attacking his conviction and sentence or challenging his conditions of confinement.

<u>Lewis</u> 518 U.S. at 355 "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

<u>Monroe v Beard</u> 536 F3d 198 (3rd cir 2008) prisoner's may only proceed on access-to-court claims for challenges to their sentences or condition's of confinement) <u>Bell Atlantic Corp v Twombly</u> 167 L.Ed 2d 929 (2007). In order to make an actual claim of the denial of access to the Court's, a prisoner must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury <u>Lewis v Casey</u> 518 U.S. 343 (1996)

The dismissal of Hough's properly filed motions on the docket would hinder Hough's efforts to litigate his nonfrivolous meritable arguable claims.

Hough, humbly request the Court Mr. Hornak extend the Oct. 1, 2020 deadline and add additional "live motions" listed above by Hough as Hough was previously denied by Mr. Brink to be notified of the Court's Order in a timely manner in order to submit the doc entries as pending operative motions to be considered by the Court.

Furthermore any motions that the Court's Order Dismisses without prejudice Hough request that the motions be re-filed by the Clerk of Court's Immediatley being that they are already as a matter of record and electronic filed stored in the Clerk's docket system Hough shouldn't have to be inconvienenced to Re-submit the motion's by mail being Hough is incarcerated in West Virginia and unable to electronically submit motion's to the Clerk's of Court's.

Hough also request that if and when the Court allows Mr. Brink to withdraw as counsel Hough compels the Court to Order that Mr. Brink is to return Hough's case file due to the evidentiary value of letters, motions, note's, etc. as relevant to Hough's case be sent to Hough Immediately or in the alternative sent to Mr. Sam Saylor AFPD. or if Appointed NEW Counsel

Hough also request 30 day's to respond to the U.S. attorney's reply to Hough's claims in the present matter.

Hough also request an up to date docket sheet from the Clerk's of Court from docket entry 205 to the most recent entries entered on the record "the docket sheet print out" not the actual motion's filed.

<u>Murray v. Delo</u>, 34 F3d 1367 (8th cir 1994), 1994 U.S. App. LEXIS 33320 (8th cir Nov. 25, 1994) Petitioner's Pro se motion asking court to dismiss petitioner's court-appointed counsel since he was not communicating with Petitioner and had not raised all issues before district court which petitioner wanted raised; there fore, purpose of remanding and appointing new counsel was to correct problems created by first court-appointed lawyer and ensure that district court reviewed on merits all claims petitioner raised which he had already not defaulted.

Wherefore, the Petitioner Hough, humbly pray's Mr. Hornak GRANT Hough's request in the present Motion for Mr. Brink to Withdraw as counsel, and Appoint New Counsel and during the interim allow Hough to proceed Pro Se, to allow Hough 30 day's to respond to the Gov. reply to Hough's Motion to Vacate, and allow Hough to add the additional "live motion's" listed herein at the bottom of page 2, which are Doc No's. 196, 201, 241, 244, and the motion to Support the Amended Motion 2255 which was filed by Mr. Brink, Affidavit and letter's from Ms. Sarah Levin as they pertain to the claim at Count 3, which was recently filed by Hough

## CERTIFICATE OF FILING AND SERVICE

Hough has deposited the foregoing motion in the institutional mailbox on this 19th day of Oct. 2020 to the U.S. District Court, Clerk's of Court by U.S. pre-paid postage and REQUEST THAT THE CLERK Please forward this motion and EXHIBIT'S TO ALL PARTIES THROUGH (ECF). THANK YOU.

Respectfully Submitted,
Don R. Hough

Don R. Hough. #07839-068
F.C.I. - McDowell
Post Office Box - 1009
Welch, West Virginia. 24801